FILED
2011 Oct-17 AM 08:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:11-CR-116-VEH-JEO |
| | ) |
| **JAMES FRANKLIN LINER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION AND ORDER

### I.  INTRODUCTION

On June 30, 2011, Defendant James Liner was found guilty by a jury verdict of the following: one count of using a facility of interstate commerce to knowingly attempt to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2442(b).

On July 14, 2011, Defendant filed a Motion for Judgment of Acquittal (doc. 36).  On July 26, 2011, he filed a Motion for New Trial (doc. 38).  On August 15, 2011, he filed a Motion for Out of Time New Trial (the "Second Motion for New Trial") (doc. 45).  The Government has opposed each motion (docs. 43, 44, and 47).  The motions are now under submission.

## II.  THE MOTION FOR JUDGMENT OF ACQUITTAL

Defendant argues that there was insufficient evidence to convict him, especially in light of his entrapment defense.  Under Rule 29(c), upon a motion for judgment of acquittal, the court must "view the facts and draw all inferences in the light most favorable to the Government."  *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). In doing so, the question for the court becomes whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  A jury is free to choose among the constructions of the evidence.  *United States v. Battle*, 892 F.2d 992, 998 (11th Cir. 1990).

The court agrees with the Government that, taking the evidence, as the court must, in the light most favorable to the Government, a reasonable jury could find that the evidence establish beyond a reasonable doubt every required element of the crime of which the Defendant was convicted.  As stated in the jury instructions, those required elements were:

<u>First</u>: That the Defendant intended to commit the crime of inducing a

        minor to engage in prostitution or sexual activity;

Second: That the Defendant used a facility or means of interstate commerce, that is a cellular telephone or the internet, to do so;

Third: That the Defendant believed that such individual was less than eighteen (18) years of age;

Fourth: That if the sexual activity had occurred, it would have been prostitution or the Defendant could have been charged with a criminal offense under the law of the State of Alabama;

Fifth: That the Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime; and

Sixth: That the Defendant acted knowingly and willfully, that is, voluntarily and intentionally and not because of a mistake or by accident and also voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.

Further, a reasonable jury could find beyond a reasonable doubt that the Defendant intended to commit the crime of inducing a minor to engage in sexual activity because the Defendant's intent was strongly corroborated by his taking a "substantial step" toward committing the crime. As explained in the jury instructions, "a 'substantial step' is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense."

Finally, a reasonable jury could find that the Defendant was not entrapped.

The court instructed the jury on entrapment. Those instructions were:

> "Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit. The Defendant has claimed to be a victim of entrapment regarding the charged offense.
> The law forbids convicting an entrapped defendant. But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime.
> For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.
> You must not evaluate the conduct of Government officers or others under their direction to decide whether you approve of the conduct or think it was moral.
> So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the Defendant an opportunity to commit a crime the Defendant was already willing to commit.
> But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

The jury considered but rejected the Defendant's entrapment defense. Viewing the evidence in the light most favorable to the Government, the jury's decision was reasonable.

Because a reasonable jury could find from the evidence at trial that the Government had established all the elements of the crime that the Defendant was convicted of, and could reject the Defendant's entrapment defense, the Defendant's

Motion for Judgment of Acquittal is due to be **DENIED**.[1]

### III.  THE NEW TRIAL MOTIONS

As stated previously, the jury verdict was entered on June 30, 2011.  Therefore, any motion for new trial, other than on the basis of newly discovered evidence, was due "within 14 days after the verdict."  Doc. 44 at 2, citing FED. R. CRIM. P. 33(b)(2).  Further, the Government argues that, [a]lthough the 14-day filing deadline is not jurisdictional, the Supreme Court has held that it is a 'rigid,' 'inflexible claim-processing rule' that should be enforced once invoked by the Government."  (Doc. 44 at 2, citing *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam); *accord United States v. Miranda*, 220 Fed. Appx. 965, 068 (11th Cir. 2007) (unpublished) (per curiam).)

*Eberhart* held that a court of appeals may not consider the Government's timeliness objection to a Rule 33 motion <u>when the Government's objection is raised for the first time on appeal.</u>  *Miranda* held that the failure of the district judge to conditionally rule on a pending – but late-filed – motion for new trial as an alternative remedy when granting a timely-filed motion for judgment of acquittal <u>relieved the Government</u>, after reversal on appeal of the grant of judgment of acquittal, <u>of its</u>

---

[1] And the Defendant's motions for new trial based upon such argument are accordingly due to be **DENIED** as well.

<u>otherwise existing obligation</u> (explicated in *Eberhart*) <u>to object at the district court level to the untimeliness of the motion</u> for new trial.

Although this court disagrees with the Government's reading of these cases, they nonetheless clearly establish that, where, as here, the Government objects at the district court level to a late-filed motion for new trial, it is error and therefore an abuse of discretion for a district court to fail to enforce Rule 33(b)(2)'s time limit. *See*, *Gray v. Bostic*, 625 F.3d 692, 693 (11th Cir. 2010) ("when a district court commits an error of law in deciding how to exercise its discretion, that court has, by definition, abused its discretion."). Therefore, the court will consider the Motion for New Trial and the Second Motion for New Trial only to the extent that they allege newly discovered evidence or allege that their lateness was due to excusable neglect. *See* FED. R. CRIM. P. 33(b)(3) and 45(b)(1).[2]

---

[2] FED. R. CRIM. P. 33 states:

Rule 33. New Trial

(a) Defendant's Motion.

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) Newly Discovered Evidence.

Any motion for a new trial grounded on newly discovered evidence must be filed within 3

Neither the Motion for New Trial nor the Second Motion for New Trial raises the issue of newly discovered evidence. Nor does either motion argue that they are late due to excusable neglect. The Motion for New Trial is wholly silent on the issue. The Second Motion for New Trial states that the failure to comply with Rule 33(b)(2)'s time limits are "a result of attorney error" (doc. 45, ¶ 3) and "not due to any failure of the Defendant, James Liner" (*id.*). The court is not persuaded that a <u>totally unexplained</u> attorney error is excusable neglect sufficient to warrant this court's excuse of the late filing of the new trial motions, especially where, as here, defense counsel <u>timely</u> filed a motion for judgment of acquittal. Therefore, the Motion for New Trial and the Second Motion for New Trial are due to be **DENIED** as untimely under Fed. R. Crim. P. 33(b)(2).

### IV.  CONCLUSION

For the reasons stated above, the Motion for Judgment of Acquittal, the Motion for New Trial, and the Second Motion for New Trial are hereby **DENIED**.

---

years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) Other Grounds.

Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

**DONE** and **ORDERED** this the 17th day of October, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge